## NEW YORK SUPERIOR COURT.

JAMES McCREERY and others, respondents agt. JAMES C. WILLETT, sheriff, appellant.

The Code of Procedure, by abolishing all forms of pleading, and thereby the action of *debt*, has not affected a sheriff's liability for the escape of a prisoner committed on a *ca. sa.*, as declared by 2d Revised Statutes, 437, § 66 [§ 63.]

In an action for such an escape, brought to recover the precise sum of money for which such prisoner was committed, the insolvency of the prisoner at the time of his escape is not a defence either total or partial.

*Before* BOSWORTH, *Ch. J.*, and BARBOUR and MONELL, *J. J.* Heard *April* 14; *decided May* 10, 1862.

APPEAL by the defendant from an order sustaining a demurrer to a defence set up in his answer. The action is

against the defendant, as sheriff, for the escape from his custody of a prisoner committed on a *ca. sa.*, and is brought to recover the precise sum for which the prisoner was committed. The defendant stated in his answer, in mitigation of damages and as a partial defence, that the prisoner at the time of his escape was insolvent. A demurrer to this defence was sustained at special term, (4 *Bosw. R.*, 643,) and from the order sustaining it the present appeal is taken.

E. PIERREPONT, *for appellant.*
FINE & CHITTENDEN, *for respondents.*

By the court, BOSWORTH, Ch. J. The only question presented by this appeal is, whether, in a suit against the sheriff for the escape of a debtor, in his custody by virtue of a *ca. sa.*, and where the complaint is like the one in this case, the defendant can show the insolvency of the debtor in mitigation of damages. This court, in *Renick* agt. *Orser, sheriff*, (4 *Bosw.*, 384,) at general term, held that he could not. That case was kept under advisement, until *Loosey* agt. *Orser, sheriff*, (4 *Bosw.*, 391,) was ready for judgment, and both were decided the same day. The case before us was decided at special term, partly on the ground that *Renick* agt. *Orser, (supra,)* had decided the question, and partly on the additional considerations stated in the report of it 4th *Bosw.*, 643.

With reference to 2d Revised Statutes, 437, § 66 [§ 63,] it may be observed that it enacts two things, viz : *first*, the *measure* or *extent* of the sheriff's liability ; and *second*, the *form of the action* in which it is to be enforced.

The preceding section does the same thing in regard to the cases covered by it, and prescribes a different rule of liability and a different form of action for enforcing it.

We think it is an inadmissible proposition that the Code, by abolishing the forms of pleading, (§ 140,) has deprived any person of the measure of compensation prescribed, or

relieved any person from the degree of liability imposed by pre-existing statutes.

That this is clearly so in the present case, where the very statute which abolishes all forms of pleading, enacts, as the Code does, (§ 291, [§ 246,]) that " the existing provisions of law, not in conflict with this chapter, relating to executions and their incidents,    *    *    the powers and rights of sheriffs, their duties thereon, and the proceedings to enforce those duties, and the liabilities of their sureties, *shall apply to executions prescribed by this chapter.*"

The Revised Statutes (§§ 65 and 66) did not enact one rule of damages in the one class of cases, and a different rule in the other, because they prescribed *case* as the remedy in the former, and *debt* in the latter ; but they intended to confer on the execution creditor an absolute right, in case of an escape of a prisoner committed on a *ca. sa.,* to recover from the sheriff the amount of " the debt, damages, or sum of money for which such prisoner was committed."

The only means prescribed by which a plaintiff could indicate his pursuit of that precise relief, was the bringing of an action of *debt,* in which the declaration differed from one in *case,* on the same state of facts, only in its formal commencement and conclusion. (2 *Chitty on Pleadings,* 7*th Am. from* 6*th Lond. ed., pp,* 383, 416, 596, 741.)

The defendant's argument is, that there cannot now be an action of *debt,* and for that reason the liability declared by 2d Revised Statutes, 437, § 66, is *modified,* and is only that prescribed by section 65 ; and if that be not so, then that the present complaint is one in *case,* in such sense that the plaintiff may recover his actual damages, though more than the face of the judgment, and therefore should be treated as one in *case,* though it may be possible to frame one, by referring in it to this statute, as part of the pleading itself, so as to entitle a plaintiff to recover the amount of his execution.

With reference to the first branch of this argument, we think it sufficient to say, that section 291 of the Code is an answer to it. *Hutchinson* agt. *Brand*, (5 *Seld.*, 210, 211,) though not an express adjudication, is an explicit declaration against it.

With reference to the second branch of the argument, it is to be noticed that the complaint states the recovery of a judgment Feb. 24, 1858, for $4,876.09, the arrest of the defendant thereon by the present defendant as sheriff, by virtue of a *ca. sa.*; the escape of the prisoner ; that the said sum of $4,876.09 is still wholly unpaid and unsatisfied, and that by reason of the facts stated, " the defendant as such sheriff became *indebted* to the said plaintiffs in the said sum of $4,876.09, for the *recovery whereof this action is brought*," and then prays judgment for that precise sum, with costs.   The right to recover interest is not alleged, and none is claimed ; on the contrary, the prayer for relief is limited to a recovery of the face of the judgment, as a sum in which the defendant has become *indebted* to the plaintiffs.   It is impossible for a plaintiff to do more, unless he states in terms, in his complaint, that he brings his action under that section of the Revised Statutes, to recover, by force and virtue of it, the debt or damages for which the prisoner was committed.

The cases of *Arden* agt. *Goodacre*, (11 *Com. Bench*, 371, *in England*,) and *Chase* agt. *Keys*, (2 *Gray*, 214, *in Massachusetts*,) decide nothing in conflict with the views already stated.   The changes in the English and Massachusetts statutes, on which those decisions are founded, do more than merely abolish the action of *debt*, and prescribe an action on the *case*, as the remedy of the execution creditor. Each statute, in very terms, declares that the sheriff shall be only liable for the " damages *sustained* (or *suffered*") by the escape.

Chapter 98 of 5th and 6th Victoria, (§ 31,) enacts " that if any debtor in execution shall escape out of legal custody

after the passing of this act, the sheriff, bailiff, or other person having the custody of such debtor, shall be liable only to an action on the case for *damages sustained* by the person or persons at whose suit such debtor was taken or imprisoned, and shall not be liable to any action of debt in consequence of such escape," &c.

Chapter 97, § 72 of Mass. R. S. (*p.* 595) enacts that " the creditor, in such case, may have an action on the case against the officer, to recover *such damages as he shall have suffered* by the escape, and he may *also* have his remedy against the original debtor by a *scire facias,* or an action of debt on the judgment."

These two statutes, in terms, are directed to the very matter of an escape, and the extent of the sheriff's liability therefor, and the remedy to be pursued.

The New York Code, on the contrary, relates to practice and pleadings, as a system, and contains no provision which in terms relates to the subject, except section 291 and others, which declare that the new system of practice shall not affect any provision of law relating to executions and their incidents, &c., " nor any existing statutory provisions relating to actions, not inconsistent with this act, and in substance applicable to the actions hereby provided." (*Code,* § 471.)

There is nothing in 2d Revised Statutes § 66, [§ 63] pre- scribing the amount of " the debt, damages or sum of money for which such prisoner was committed," as the measure of the sheriff's liability, inconsistent with or repugnant to any provision found in the Code. On the contrary, it seems to be one of the objects of the saving clauses of the Code, to secure the continuance of this and all other pre-existing rights and liabilities which are not repealed or modified either by the very words of the Code, or their necessary legal import.

We think the judgment should be affirmed.

Ordered accordingly.